## TALTY *v.* LUSK.

If a party, without objection, permits the instructions of the court to be handed to the jury in writing, without having been read to them, it is too late after verdict, to make the objection that the instructions were not read to the jury.

A party may insist on having the instructions read to the jury before they re-

tire to consider of their verdict, and if the court refuse him this right, he may take his exception.

It is the duty of a party to ascertain at the proper time, what instructions are given or refused, and to take his exceptions accordingly.

After verdict, it is too late for a party to object that he did not know what instructions were given, or that they were not read over to the jury.

Where a party is dissatisfied with the instructions given, or where the court refuses to give instructions asked for by him, he must except at the time of giving and refusing such instructions.

Where in an action of replevin, it appeared from the record, that in the District Court, the attorneys on both sides, in the argument, read instructions to the jury; that the court passed upon the instructions, marking some, "given," some "refused," and some "modified," and gave them to the jury, without again reading them, no objection being made by counsel; that after the jury returned their verdict, a motion was made for a new trial, on the ground that the court erred in giving, and in refusing to give the instructions, and also that the instructions were not read to the jury, at which time, exceptions were taken to the instructions given and refused, which motion was overruled by the court; and where it further appeared from the record, that the court gave an oral charge to the jury, which was not made a part of the record; *Held*, That the motion for a new trial was properly overruled.

## Appeal from the Henry District Court.

ACTION of replevin, originally commenced before a justice of the peace, and taken by appeal to the District Court. It appears from the bill of exceptions, that in the District Court, the attorneys on both sides read the instructions to the jury in the arguments; that the court passed upon them, marking some "given," some "refused," and some "modified," and gave them to the jury without again reading them —no objection being made by counsel. When the jury returned their verdict, a motion was made by defendant for a new trial, at which time exceptions were taken to the instructions given and refused, and also to their not being read to the jury. The bill of exceptions further states that the court gave an oral charge to the jury, and that inasmuch as they returned in a few minutes with their verdict, the court was satisfied that they did not read the written instructions, and could not have been misled by them. The jury found for the plaintiff, and assessed his damages. The defendant then moved the court in arrest of judgment,

and for a new trial. The motion was overruled and judgment rendered on the verdict. Defendant appeals.

*J. C. Hall*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The first question raised by defendant, is as to the manner in which the instructions were given to the jury, by the District Court. If a party, without objection, permits the instructions of the court, to be handed to the jury in writing, without having been read to them, under the supposition that they will be read by the jury in their retirement, it is too late after verdict to make the objection. He may insist on having the instructions read to the jury, before they retire to consider of their verdict, and if the court refuse him this right, he may take his exception. It is too late, however, after verdict, to object that he did not know what instructions were given, or that they were not read over to the jury. It is the duty of the party, to ascertain at the proper time, what instructions are given and refused, and to take his exceptions accordingly. The objections come entirely too late, if made for the first time after the verdict.

The second error assigned is upon the judgment of the District Court, in refusing to order a new trial. The grounds urged in the motion were, that the court erred in giving certain instructions asked by plaintiff, and in refusing those asked by defendant. It will not be necessary for us to set forth these instructions. We see no reason for interfering with the action of the District Court, or for reversing its judgment, for the following sufficient reasons:

1. The instructions were given and refused, and no exception was taken by defendant at the time.

2. The record shows that the court delivered an oral charge to the jury, in addition to the instructions given in writing. This charge is not embodied in the bill of exceptions, and is not otherwise made part of the record.

3. The record gives only a part of the evidence on the trial before the District Court, and we are not enabled to discover from the portion of it set forth, wherein the court, in refusing to direct a new trial, has exercised the discretion vested in it, to the prejudice of the rights of defendant.

Judgment affirmed.